IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MARGARET HANSON,

    PLAINTIFF,

v.                                    CIVIL ACTION NO.

PRIME COMMUNICATIONS LP,

    DEFENDANT.

## COMPLAINT

**I.    JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

**II.    PARTIES**

    2.    Plaintiff, Margaret Hanson, (hereinafter "Plaintiff") is a resident of Anniston, Calhoun County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus

1

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Northeastern Division.

3. Defendant Prime Communications, LP, (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III. STATEMENT OF FACTS

4. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-3 above.

5. Defendant's predecessor company hired Plaintiff on or about January 2013.

6. Defendant purchased the predecessor company and Plaintiff commenced employment with Defendant on January 1, 2014.

7. Defendant employs Plaintiff as a Store Manager.

8. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

9. Defendant last paid Plaintiff an hourly rate of $12.00 per hour.

10. From January 1, 2014 to the present, Plaintiff typically worked over forty hours in a work week.

## IV. COUNT ONE – FLSA – Overtime Violations

11. Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-10 above.

12. During the three years preceding the filing of this Complaint, and currently, Defendant is an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. § 203(s)(1).

13. During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

14. Defendant's gross annual volume of revenue exceeds $500,000.

15. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

16. During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated Store Managers were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

17. Plaintiff and all similarly situated store managers employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to selling products that originated out of state

or outside of the United States, and processing credit card and debit card transactions that crossed state lines.

18. Defendant is an authorized retailer of AT&T and DirecTV products.

19. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

20. Defendant's work week for purposes of recording hours worked commences on Saturday at 12:00 a.m., and ends on Friday at 11:59 p.m.

21. During the course of the employment relationship with Defendant, Defendant employed Plaintiff at its Jacksonville and Pell City, Alabama locations.

22. Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

23. Defendant's stated policy is that Plaintiff, and similarly situated Store Managers are expected to work 47.5 hours per week.

24. In practice, Plaintiff works in excess of 60 hours per week.

25. Defendant expects Plaintiff to arrive at the store between 8:15 a.m. and 8:30 a.m. each day.

26. Defendant requires Plaintiff to clock-out by 1:30 p.m., each day to commence a meal period that should last at least 30 minutes and no more than 60 minutes during each working day.

4

27. Defendant's District Managers and/or Regional Directors issue formal disciplinary write-up to employees, including the Plaintiff, for failure to clock-out for a meal prior to the employee's fifth hour worked each shift on two-occasions or more during a pay period.

28. Defendant's District Managers and/or Regional Directors issue two (2)-day suspensions to employees for the second formal disciplinary write-up for failure to clock out for a meal prior to the employee's fifth hour worked each shift.

29. Defendant's wages paid to Plaintiff, and other similarly situated store managers, is such that 50% or more of the total wage is derived from the hourly rate of pay and not from commissions for the sale of goods or services.

30. Plaintiff, and other similarly situated store managers, followed Defendant's policy of clocking-out for a meal period, but she continued to assist Defendant's customers during her meal period, delivered deposits of Defendant's earnings to the bank, accepted inventory from Defendant's suppliers that deliver product with no set arrival time, or performed other "desk work" such as arranging schedules for the next work week.

31. As a result of Defendant's meal period policy, Plaintiff ate a meal on the premises or otherwise ate a meal while conducting an errand on behalf of the Defendant, but away from the store premises during the meal period.

32. At the conclusion of the meal period window, Plaintiff clocked-in and continued working until she reached 10 recorded work hours for the day.

33. Plaintiff estimates that she worked through 85% of her meal periods wherein she clocked-out, but was forced to continue working in order to complete her job duties.

34. At the conclusion of 10 recorded works hours for the day, Plaintiff clocked-out and continued working when necessary in order to service a late arriving customer.

35. Defendant's management, including Jeremy Judd, had knowledge of Plaintiff's hours worked and knowledge of Defendant's meal period policies resulting in off-the-clock work so that employees could avoid formal disciplinary write-ups.

36. Defendant failed to pay Plaintiff for all hours worked in excess of forty during a work week at an overtime rate of one and one-half her regular hourly rate.

37. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. OPT-IN COLLECTIVE ACTION

38. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-37 above.

39. Plaintiff brings this suit as an opt-in collective action pursuant to the

FLSA, 29 U.S.C. § 216(b).

40. Plaintiff's Opt-In Consent Form is attached as Exhibit A.

41. The potential class is comprised of any and all persons employed as hourly paid Store Managers by Defendant at any time during the three (3) years preceding the filing of this Complaint.

42. Upon information and belief the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

43. Upon information and belief, the claims of the representative, Plaintiff, are typical of claims of the class. Defendant subjected Plaintiff and other members of the class to the same unlawful employment practices concerning inaccurate reporting of time, failure to pay overtime pay, and other violations of the Fair Labor Standards Act.

44. Upon information and belief, Plaintiff will fairly and adequately protect the interests of the class in that she shares common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

45. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual

members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

46. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to potential plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of her unpaid overtime wages, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Suite 110
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 - Facsimile

### PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

_____
OF COUNSEL

**SERVE DEFENDANTS AT:**
Prime Communications, LP.
c/o Capitol Corporate Services, Inc.
150 South Perry Street
Montgomery, AL 36104